ISAAC KLINE, PROSECUTOR, v. BOARD OF EXCISE COMMISSIONERS OF CAMDEN.

Submitted March 18, 1915—Decided April 22, 1915.

The act of May 6th, 1889 (*Pamph. L.*, p. 359; *Comp. Stat.*, p. 2921), authorizing the transfer and revocation of licenses granted by excise boards, &c., was not repealed by the enactment of the supplement of 1906, p. 199 (known as the "Bishops' act") to the act of March 20th, 1889 (*Pamph. L.*, p. 77), known as the "Werts act."

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Stackhouse & Kramer.*

For the defendant, *Edwin G. C. Bleakly* and *William J. Kraft.*

The opinion of the court was delivered by

PARKER, J. This writ brings up certain proceedings before the excise commissioners of Camden looking to the re-

vocation of a license previously granted to 'the prosecutor to sell intoxicating liquors. There was a complaint to the commissioners alleging violations of the law, and upon this they made an order requiring the prosecutor to show cause why his license should not be revoked, whereupon he sued out this writ.

Two grounds are urged: that the complainants did not have personal knowledge of the matters complained of; and that no notice was served upon the owner of the premises. Both are predicated upon the assumption that the case is controlled by the supplement of 1906 to the Werts law of 1889, which supplement is commonly known as the "Bishops' act." *Pamph. L.* 1906, *p.* 199. But we have just held in a *per curiam* in the case of Palese *v.* Lane, submitted at November term, 1914, that the commissioners were not limited to this act, but were entitled to proceed under the act of May 6th, 1889. *Pamph. L., p.* 359; *Comp. Stat., p.* 2921, *pl.* 132, 133. This was the act relied on by this court in *Voight* v. *Excise Board,* 59 *N. J. L.* 358, as supporting a proceeding that would have been invalid under the Werts act in its original form. We held in the Palese case that the supplement of 1906 to the Werts act did not operate as a repealer of the act of May 6th, 1889, but that such act remained unimpaired. It is recognized as in force by our decision in *Henkel* v. *Hoy,* 74 *Id.* 56, 57, submitted and decided after the supplement of 1906. Inasmuch as this act requires neither notice to the landowner nor a verification by complainants having personal knowledge of the facts, the points made are without substance and the writ will be dismissed, with costs.